# BERWIND-WHITE COAL MINING COMPANY
## v.
# BORINQUEN SUGAR COMPANY.

---

San Juan, Equity, No. 897.

IN MATTER OF POWERS OF RECEIVER.

Receiver—Protecting Property.
    1. The receiver of a sugar central must, in the presence of unrest

VII. Porto Rico—33.

in industrial conditions, protect the property in his charge to the fullest extent, but as to whether he used placards and other methods is a matter of administration to be determined by his own judgment.

Same—Leased Property.

2. The receiver will take similar steps to protect property which he has leased out by order of court. Leased property remains under judicial supervision.

Receiver—Support of Court.

3. The receiver will use ordinary methods of protection and his own efforts, but if these prove insufficient he will, upon application, be supported by the marshal, who, under Revised Statutes, § 787, has power to command all necessary assistance in the execution of his duty.

Receiver's Employees—Dispute.

4. The first duty of the court is to preserve property in its charge, but the court will promptly hear and decide any claim or dispute between an employee or other person and its receiver.

Opinion filed February 17, 1915.

_____

*Mr. Chas. Hartzell* for the receiver, H. Behn.

HAMILTON, Judge, delivered the following opinion:

The receiver, through his counsel, has in open court asked whether he would be authorized, in view of the apparent unrest in industrial conditions about the Island, to placard the Borinquen property as being in Federal receivership.

1. The court does not think it wise to indicate to the receiver any particular means of protecting the property in his charge, but there can be no question that it is his duty to protect it to the fullest extent. Placards have been used in the past, as during railroad riots in the United States. What

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

is proper in particular cases is more a matter of administration than of law, and the receiver will use his own best judgment.

2. The question may be raised as to property which, by direction of the court, the receiver has leased to other parties, and is not operating by himself. In the mind of the court, however, there is no distinction. There is either an express clause in all leases that the receiver has the right of supervision and control so as to see that the lease and all orders of the court are complied with, or this is implied in all leases when not directy expressed. The receiver, that is to say the court, cannot contract himself out of his responsibility as receiver, and is bound to see that the property is properly cared for. A temporary lease is merely one means of preserving the property and does not change the fact that the corpus, if not the operation, remains under the supervision of the court.

3. It is not necessary at present to indicate in what form the receiver will be supported by the court. This would vary with particular circumstances. It is true, however, that the receiver will be supported in all proper means to avoid danger from fire, from violence on the part of anyone, whether employees or strangers, and in keeping off the property everyone who seeks to disturb the peace. If the receiver finds ordinary means of protection and his own efforts insufficient, on proper application the marshal and his deputies will be instructed to protect receivership property. Under § 787 of the Revised Statutes, Comp. Stat. 1913, § 1311, the marshal has "power to command all necessary assistance in the execution of his duty."

4. This is not to be understood as in the slightest prejudging any question in dispute between the receiver and his employees

or any other person. It is meant simply to preserve the property. That is the first duty of the court and will be carried out in every way necessary. If any person, creditor, or employee has a claim against the receiver, or any dispute with him, upon application of such person to the court it will be fully heard and justice done. But the property in the custody of the court must not in the meantime be in any way disturbed, nor must the operation of mills or other property in the court's custody be interfered with.

The receiver will act accordingly.